**ENGEL et al., Appellants,**

**v.**

**CROSBY TOWNSHIP BOARD OF ZONING APPEALS et al., Appellees; Fort Scott Development Company, L.L.C., et al., Intervening Appellees.**

[Cite as *Engel v. Crosby Twp. Bd. of Zoning Appeals,*
180 Ohio App.3d 734, 2009-Ohio-240.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–080495.

Decided Jan. 23, 2009.

Keating, Muething & Klekamp, Joseph L. Trauth Jr., and Thomas M. Tepe Jr., for appellants.

Surdyk, Dowd & Turner Co., L.P.A., Robert J. Surdyk, Joshua R. Schierloh, and Timothy G. Mara, for appellees Crosby Township Board of Zoning Appeals, Eric T. Espel, and Crosby Township.

Barrett & Weber L.P.A. and C. Francis Barrett, for intervening appellee Fort Scott Development Company, L.L.C.

Gary E. Powell, for intervening appellee Residents Against Motorsports Park and individual intervening appellees.

Barrett & Weber L.P.A. and Karri K. Haffner, for amicus curiae Westhomes, Inc.

SUNDERMANN, Presiding Judge.

{¶ 1} Tonya Engel appeals the trial court's entry of judgment that affirmed a decision of the Crosby Township Board of Zoning Appeals ("the BZA"). We conclude that the township's zoning resolution is not unconstitutional and that the trial court did not err as a matter of law when it affirmed the BZA's decision.

## I. Background

{¶ 2} Tonya Engel owns 162 acres of land in Crosby Township. The land is in an area zoned "G–Heavy Industrial District." In April 2007, Steve Engel, Tonya's husband, applied to Eric Espel, the Crosby Township Zoning Inspector, for a zoning certificate. According to the application, Engel sought to develop a motorsports park on the land. After Engel responded to Espel's requests for more detailed plans, Espel refused to issue the zoning certificate. Instead, he

informed Engel that Engel would need to seek authorization for a motorsports park in the G–Heavy Industrial District from the BZA.

{¶ 3} A hearing was held before the BZA. In addition to Engel and his counsel, representatives from the Residents Against Motorsports Park ("RAMP") and Fort Scott Development Company ("Fort Scott") attended the hearing. At the hearing, Espel stated that under Section 35.3.7 of the Crosby Township Zoning Resolution, the BZA had to decide whether the use was appropriate because it might emit smoke and noise. During the hearing, Engel testified about his plans for the development of the land. Engel stated that initially, he would build a track for drag racing, but he would not rule out that eventually the park could be further developed to accommodate "funny car" races. Representatives of RAMP and Fort Scott testified that they had concerns about the noise and the dust that would be generated at the park.

{¶ 4} The BZA denied the zoning certificate. The board found that the use of the land as a motorsports park "may be obnoxious or offensive by reason of emission of odor, dust, smoke, gas, or noise and therefore may constitute a nuisance."

{¶ 5} The Engels appealed the board's decision to the trial court. The trial court permitted RAMP, individual residents, and Fort Scott to intervene as defendants. The trial court held that the board's denial of the zoning certificate was supported by a preponderance of probative, reliable, and substantial evidence; it therefore affirmed the denial of the certificate. This appeal followed.[1]

## II. Crosby Township's Zoning Resolution

{¶ 6} Section 21.1 of the Crosby Township Zoning Resolution provides that a building or premises within the G–Heavy Industrial District may be used for any purpose except "[u]ses in conflict with any resolution of Crosby Township, Hamilton County, or law of the State of Ohio regulating nuisances." The section also provides that "[n]o zoning certificate shall be issued for any of the uses excluded in the Light Industrial District in Section 20.1.1 to 20.1.71 until and unless such use shall have been authorized by the [BZA] in the manner provided in Article 35."[2] Section 20.1 contains a list of 70 specific prohibited uses and a catchall provision that makes impermissible "in general those uses which may be obnoxious or offensive by reason of emission of odor, dust, smoke, gas or noise."[3] Under Section 35.3.7, the BZA is given the power "[t]o authorize or deny any of

---

1. Steve Engel died on September 14, 2008.

2. Crosby Township Zoning Resolution 21.1.3.

3. Id. at Section 20.1.71.

the uses in the 'G' Heavy Industrial Districts set forth in Article 21, Sec. 21.1.3, and the [BZA] may require the installation, operation, and maintenance, in or in connection with the proposed use, of such devices and methods of operation as may, in the opinion of the [BZA,] be reasonably required to prevent or reduce odor, dust, smoke, gas, noise or similar nuisances, and may impose such conditions regarding the extent of open spaces between it and surrounding properties as will tend to prevent or reduce the injury which might result [from] the proposed use to surrounding properties and neighborhood."

## II. First Assignment of Error

{¶ 7} In her first assignment of error, Engel asserts that the trial court erred when it affirmed the BZA's denial of the zoning certificate.

{¶ 8} Our standard of review under R.C. 2506.04 is more limited in scope than that of the trial court. While the trial court reviewed the evidence to determine whether the BZA's decision was supported by "a preponderance of reliable, probative and substantial evidence,"[4] our review is limited to questions of law.[5] "Within the ambit of 'questions of law' for appellate court review would be abuse of discretion by the [trial] court."[6] We must determine whether the trial court erred as a matter of law when it affirmed the BZA's denial of the zoning certificate.

{¶ 9} Engel asserts that the section of the resolution upon which the BZA based its decision was unconstitutionally vague. Analysis of the constitutionality of the zoning resolution must "begin with the strong presumption that the [resolution] is valid."[7] The Ohio Supreme Court has stated that "the unconstitutionally vague argument is usually applicable only to criminal ordinances which fail to put persons on notice as to what conduct is prohibited. Such an argument is inherently deficient in a zoning case where the zoning resolution, by its very nature, puts a property owner on notice that use of the property is subject to regulation."[8]

{¶ 10} Section 20.1.71 prohibits those uses "which may be obnoxious or offensive by reason of emission of odor, dust, smoke, gas or noise." The section

---

**4.** *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848.

**5.** Id.

**6.** Id.

**7.** (Citations omitted.) *Cent. Motors Corp. v. Pepper Pike* (1995), 73 Ohio St.3d 581, 583–584, 653 N.E.2d 639.

**8.** *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 32, 30 OBR 33, 505 N.E.2d 966.

is drafted in general terms, especially when compared to the preceding 70 specific prohibited uses, such as abattoirs and slaughterhouses,[9] vinegar manufacture,[10] and yeast plants.[11] But zoning resolutions necessarily require some generality to allow flexibility to deal with unforeseen potential uses of the land. While it is arguable that the section could have been drafted more clearly, the words used in the section, when given their ordinary meanings, make clear what kinds of uses are prohibited by the section. We thus conclude that the resolution is not unconstitutionally vague.

{¶ 11} Interwoven in her argument about vagueness is Engel's contention that the resolution sets forth no clear standards by which the zoning inspector or the BZA can determine whether a proposed use falls within Section 20.1.71. "[A] zoning ordinance will be declared unconstitutional if it does not contain sufficient criteria to guide the administrative agency in the exercise of its discretion granted by the ordinance."[12] The use of general language does not necessarily constitute an unconstitutional delegation of authority.[13] Here, the resolution clearly laid out the zoning inspector's authority to grant a zoning certificate or to escalate the request to the BZA. Under the language in Section 35.3.7, the BZA is given the power to require "the installation, operation, and maintenance * * * of such devices and methods of operation as may * * * be reasonably required to prevent or reduce odor, dust, smoke, gas, noise or similar nuisances." Engel declined to accept any conditions on the zoning certificate. Engel argues that Espel admitted that the township had established no standards to determine whether a proposed use would emit a prohibitive amount of smoke, noise, or dust. But even without a specific standard, the BZA was capable of making the determination. Several witnesses testified about the amount of smoke, noise, and dust that was expected from the motorsports park. And Ohio courts have made similar determinations when considering whether the emission of odor, dust, and noise amounted to a nuisance.[14]

---

9. Crosby Township Zoning Resolution 20.1.1.

10. Id. at Section 20.1.68.

11. Id. at Section 20.1.69.

12. (Citations omitted.) *Consol. Mgt., Inc. v. Cleveland* (1983), 6 Ohio St.3d 238, 242, 6 OBR 307, 452 N.E.2d 1287.

13. *Yarab v. Boardman Twp. Bd. of Zoning Appeals*, 7th Dist. No. 04 MA 266, 2006-Ohio-3565, 2006 WL 1903133, ¶ 47.

14. See generally *Haas v. Sunset Ramblers Motorcycle Club, Inc.* (1999), 132 Ohio App.3d 875, 726 N.E.2d 612; *Angerman v. Burick*, 9th Dist. No. 02CA0028, 2003-Ohio-1469, 2003 WL

{¶ 12} We conclude that the resolution was neither unconstitutionally vague nor unconstitutionally discretionary. And we conclude that the trial court did not abuse its discretion when it determined that the BZA's decision was supported by a preponderance of probative, reliable, and substantial evidence.

{¶ 13} Engel also argues that the use of the land for a motorsports park was not a per se nuisance, as prohibited in Section 21.1.1. But the BZA's decision did not rely on that section to deny the certificate. We need not consider whether the use would be a per se nuisance.

{¶ 14} The first assignment of error is overruled.

### III. Second Assignment of Error

{¶ 15} In her second assignment of error, Engel asserts that the trial court erred when it allowed RAMP and Fort Scott to intervene. Because our conclusion regarding the first assignment of error is determinative of this action, this assignment of error is moot. The trial court's judgment is, accordingly, affirmed.

Judgment affirmed.

HENDON and CUNNINGHAM, JJ., concur.

1524505; *Kramer v. Angel's Path, L.L.C.,* 174 Ohio App.3d 359, 2007-Ohio-7099, 882 N.E.2d 46.