[Cite as *Smith v. Golden Alliance*, 2018-Ohio-478.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

EILEEN V. SMITH

    Appellant

    v.

GOLDEN ALLIANCE, INC., et al.

    Appellee

C.A. No.    28652

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2016-02-0993

DECISION AND JOURNAL ENTRY

Dated: February 7, 2018

CARR, Judge.

{¶1}    Appellant, Eileen Smith, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    This matter arises out of a slip-and-fall incident that occurred at a McDonald's in Norton, Ohio. On June 26, 2015, Smith tripped over a wet floor sign as she was walking to the beverage station. The incident occurred when a young boy, C.R., inadvertently kicked the sign into Smith's path as he was running to the play area. Smith suffered significant injuries as a result of the incident.

{¶3}    On February 17, 2016, Smith filed a negligence action against Golden Alliance, Inc., and Brandi Reis, the mother and guardian of C.R. Smith alleged that Golden Alliance had created a hazard by failing to keep the restaurant "clear of water or any hazardous, slippery substance[.]" Smith further alleged that Reis's failure to supervise her child had resulted in C.R.

kicking over the sign that was involved in Smith's fall. Golden Alliance filed an answer generally denying the allegations in the complaint and asserting a cross-claim against Reis. Reis filed a pro-se "letter" wherein she purportedly denied the allegations in the complaint and further explained that she was not in a financial position to afford an attorney.

{¶4} Subsequently, Golden Alliance filed a motion for summary judgment against Smith. Smith filed a response to the motion for summary judgment, and Golden Alliance replied thereto. On May 4, 2017, the trial court issued a journal entry granting Golden Alliance's motion for summary judgment against Smith. In granting the motion, the trial court specified that there was no just cause for delay.

{¶5} On appeal, Smith raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRONEOUSLY GRANTED DEFEDANT-APPELLEE GOLDEN ALLIANCE, INC., AKA MCDONALD'S, ET AL.'S MOTION FOR SUMMARY JUDGMENT BECAUSE REASONABLE MINDS COULD COME TO DIFFERENT CONCLUSIONS AND QUESTIONS OF FACT REMAIN FOR THE JURY TO CONSIDER WHETHER THE DEFENDANT-APPELLEE BREACHED A DUTY OWED TO THE PLAINTIFF-APPELLANT.

{¶6} In her sole assignment of error, Smith argues that the trial court erred in granting the motion for summary judgment because questions of fact remained regarding whether Golden Alliance breached a duty of care owed to Smith. This Court disagrees.

**Background**

{¶7} In its motion for summary judgment, Golden Alliance argued that Smith tripped over a wet floor sign and that the wet floor sign was an open and obvious condition. The restaurant attached numerous materials in support of its position, including Smith's deposition testimony, wherein she admitted that she saw the sign prior to the incident. On the day in

question, Smith was seated at a table with her grandchildren. Smith testified that when she got up from her table to get beverages, she noticed the wet floor sign in her path before she started to walk. When Smith attempted to avoid the sign by walking around it, she noticed a boy running in her direction. The boy kicked the sign and it slid under Smith's left foot, causing her to fall. Smith opined that she thought Golden Alliance was responsible for the accident because the wet floor sign should not have been up. When asked to elaborate, she testified, "Because the floor wasn't wet, it was dry." In support of its motion, Golden Alliance argued that there was no dispute that the sign was an open and obvious condition. Golden Alliance highlighted Smith's admission that she observed the sign prior to the accident and tried to avoid it. Finally, Golden Alliance asserted that any harm to Smith was unequivocally the result of the negligent conduct of a third party, and not the conduct of Golden Alliance.

{¶8} In responding to the motion for summary judgment, Smith acknowledged that a standing wet floor sign would be an open and obvious condition. She maintained, however, that this case involved an exceptional scenario where the sign was knocked over by a child only because Golden Alliance allowed the sign to remain in a high traffic area when the floor was no longer wet. Specifically, Smith argued that there remained a question of fact regarding whether Golden Alliance breached a duty of care "by allowing [the wet floor] sign to remain in a high-traffic area over the lunch hour when it appeared that the sign was no longer necessary." In support of this assertion, Smith attached an affidavit wherein she averred, "as I laid on the floor * * * the area was not wet, obviating the need for the wet floor sign." Smith continued, "I believe the sign itself being placed in a high traffic area at or around lunchtime when it was no longer needed was a hazard in and of itself[.]"

{¶9} In granting the motion for summary judgment, the trial court determined that the sign was an open and obvious condition. The trial court further concluded that no employee of Golden Alliance acted to knock over the sign into Smith's path. The trial court also stressed that Smith had effectively admitted that she could not prove the allegations in her complaint. Namely, while Smith had alleged in her complaint that Golden Alliance had created a dangerous condition by failing to keep the floor clear from a slippery substance, Smith asserted during the summary judgment phase that Golden Alliance should have removed the sign because the floor was no longer wet and leaving the sign in place created a dangerous condition. Accordingly, the trial court granted Golden Alliance's motion for summary judgment in favor of Golden Alliance.

## Discussion

{¶10} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶11} Pursuant to Civ.R. 56(C), summary judgment is proper if:

No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).

Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *Id*. at 293. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶13} The trial court did not err in granting the motion for summary judgment. The factual allegations in the complaint control whether a particular cause of action has been properly pled and supported on summary judgment. *See generally Kramer v. Angel's Path*, *LLC*, 174 Ohio App.3d 359, 2007-Ohio-7099, ¶ 14 (6th Dist.). In her complaint, Smith alleged that "[Golden Alliance] negligently maintained its lobby in [the] restaurant and failed to keep it clear of water or any other hazardous, slippery substance; therefore, creating an unknown hazard for its business invitees." Though Smith mentioned the wet floor sign in her allegations against co-defendant Reis, Smith's allegations against Golden Alliance were limited to her assertion that the restaurant "failed to warn its business invitees" about a "hazardous, slippery substance[.]" Golden Alliance satisfied its *Dresher* burden when it presented unequivocal evidence demonstrating that Smith tripped over the wet floor sign and, further, that Smith had observed the sign prior to the incident and actively tried to avoid it. *Dresher* at 292-293. Significantly, in responding to the motion, Smith completely abandoned the factual allegations set forth in the complaint and instead argued that Golden Alliance breached a duty of care by allowing the wet floor sign to remain in place when the floor was no longer wet. A plaintiff cannot overcome a

motion for summary judgment by raising a novel theory of recovery in its response that is predicated on factual allegations that are inconsistent with the allegations in the complaint. *See generally Scassa v. Dye*, 7th Dist. Carroll No. 02CA0779, 2003-Ohio-3480, ¶ 27. Under these circumstances, where Smith effectively conceded in her response to the motion for summary judgment that she could not prove the factual allegations set forth in her complaint, the trial court did not err in granting summary judgment in favor of Golden Alliance.

{¶14} Smith's assignment of error is overruled.

### III.

{¶15} Smith's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

CHRISTOPHER L. PARKER, Attorney at Law, for Appellant.

JAY S. HANSON, Attorney at Law, for Appellee.