[Cite as *Nationstar Mtge., L.L.C. v. Cody*, 2020-Ohio-5553.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Nationstar Mortgage LLC, d/b/a
Champion Mortgage of Ohio, et al.

     Appellees

v.

F. Kevin Cody, Individually and as
Executor of the Estate of Clement J.
Cody, et al.

     Appellants

Court of Appeals No. OT-18-041

Trial Court No. 13CV446E


**<u>DECISION AND JUDGMENT</u>**

Decided:  December 4, 2020

* * * * *

Michael J. Sikora III, Alexander E. Goetsch and Richard T. Craven,
for appellee Nationstar Mortgage LLC.

Eric T. Deighton, for appellee Generation Mortgage Co.

Joseph B. Jerome and John D. Grauer, for appellants.

* * * * *

**SINGER, J.**

{¶ 1} Appellants Kevin Cody, individually and as executor of the Estate of

Clement J. Cody, Colleen Michelle Clark, and Rick Clark ("appellants") appeal the

July 26, 2018 decision of the Ottawa County Court of Common Pleas which granted

appellees Nationstar Mortgage LLC ("Nationstar") and Generation Mortgage Co. ("Generation") summary judgment.

{¶ 2} Appellants bring forth five assignments of error for our review:

1. The Trial Court erred as a matter of law when it granted judgment in favor of Plaintiff-Appellee Nationstar on its Motion for Summary Judgment despite the existence of genuine issues of material fact.

2. The Trial Court erred as a matter of law when it granted judgment in favor of New Part Defendant-Appellee Generation Mortgage on its Motion for Summary Judgment despite the existence of genuine issues of material fact.

3. The Trial Court's (sic) erred as a matter of law in finding that the sum of $703,201.45 is due and owing under the mortgage loan agreement and note despite the existence of genuine issues of material fact.

4. The Trial Court abused its discretion by finding that the sum of $703,201.45 is due and owing under the mortgage loan agreement and note because it did not hold a hearing on the issue of damages before it entered its Order of Foreclosure in favor of Plaintiff-Appellee Nationstar.

5. The Trial Court abused its discretion by finding that the equity of redemption of all Defendants shall be foreclosed prior to the confirmation of sale in violation of Ohio Rev. C. 2329.33. (sic).

{¶ 3} In January 2008, Clement Cody purchased two parcels on Put-In-Bay Island for $875,000. One of these parcels contained a home, one parcel contained a concrete dock, and a garage sat partially on each parcel. On August 23, 2010, Clement Cody entered into a home equity loan Agreement, note, and mortgage (collectively "mortgage agreement"). The mortgage agreement was a reverse mortgage whereby Clement Cody received $938,250 in return for encumbering his property which would be payable upon Clement Cody's death. The property served as a vacation home for Clement Cody and his family.

{¶ 4} In the process of obtaining the mortgage agreement, appellee Generation completed an appraisal of the property. This appraisal considered the value of the home, garage, and concrete dock when determining the value of the mortgage. The appraisal only references the street address of the home, rather than the address of the vacant address, 0 Toledo Avenue.

{¶ 5} On December 5, 2013, appellee Generation Mortgage Company ("Generation") filed a complaint for foreclosure alleging Clement Cody defaulted on the mortgage agreement. Clement Cody passed away on October 12, 2012, and the loan was not paid off.

{¶ 6} Clement Cody's son, appellant Kevin Cody, periodically occupied the vacation home during the summer months. The home is located on an island in Lake Erie and is difficult to reach during the winter months. Generation became aware that there would be no one occupying the home from November 2014 through March 2015;

3.

Generation sent an agent to winterize the home and secure it. The home was winterized and secured in April of 2015. The mortgage agreement authorized "reasonable action to protect and preserve the Property" as long as the borrower defaulted, the property was vacated, or the property was abandoned.

{¶ 7} On May 18, 2015, the underlying mortgage was assigned from Generation to Nationstar. Nationstar was substituted as plaintiff in the foreclosure matter and Nationstar continued to pursue the foreclosure.

{¶ 8} On April 28, 2017, appellants filed a new amended answer and filed a third-party complaint against Generation for trespass and conversion based on its actions to secure the property. The trial court denied Generation's motion to dismiss the complaint and Generation answered the new complaint.

{¶ 9} On April 4, 2018, Generation filed a motion for summary judgment regarding the new complaint and its claims against Generation. Following an opposition that was filed by appellants, the trial court granted the motion for summary judgment. The trial court found that Clement Cody passed away on October 12, 2012, his death caused a default in the mortgage agreement, and that upon that default, Generation was contractually entitled to enter the home and winterize it.

{¶ 10} On March 15, 2018, Nationstar filed a motion for summary judgment on its foreclosure claim. The trial court granted Nationstar's motion for summary judgment on July 26, 2018, and it found that Clement Cody passed away on October 12, 2012, that his

4.

death resulted in a default under the note and mortgage, and that the note and mortgage were not ambiguous.

### Assignment of Error One: The Trial Court Erred when it Granted Summary Judgment on the Claims of Nationstar

{¶ 11} Appellants argue that the trial court erred when it granted summary judgment to Nationstar on its complaint in foreclosure because appellants presented evidence which created issues of material fact about whether the mortgage agreement was valid. Appellants argue that there were genuine issues of material fact surrounding whether the mortgage encumbered both parcels, rather than just the parcel with the home. Appellants argue that Clement Cody did not intend to encumber both parcels and informed his family as such. They also argue that the failure of the appraisal report to include addresses for both parcels also indicated that the parties only intended to include the parcel with the home on it. Appellants argue the trial court erred when it failed to take this into consideration when determining whether summary judgment for Nationstar was appropriate.

{¶ 12} Nationstar responds by arguing that there were no genuine issues of material fact that the mortgage agreement was valid because the legal description attached to the mortgage agreement clearly includes both the parcel with the home and the vacant lot. Nationstar also argues that the trial court did not err in failing to consider parol evidence because appellants failed to present clear and convincing evidence demonstrating a mutual mistake between the parties. Nationstar argues that the intent of

5.

the parties to include both parcels was evidenced also by the inspection report generated when determining the value of the parcels, because it mentions a garage which is mostly located on the vacant parcel and a cement dock which is entirely located on the vacant parcel. Nationstar further argues that the section cited by appellants does not prohibit mortgages on vacant parcels when it is included with an eligible property. Finally, Nationstar argues that appellants improperly attempted to reform the mortgage through an affirmative defense.

{¶ 13} An appellate court reviews a trial court's summary judgment decision de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment will be granted when no genuine issues of material fact exist when after, construing all the evidence in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). *Accord Lopez v. Home Depot, USA, Inc.*, 6th Dist. Lucas No. L-02-1248, 2003-Ohio-2132, ¶ 7. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984).

{¶ 14} A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Grafton* at 105. A trial court shall grant summary judgment only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law;

6.

and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46 (1978).

*Intention of Clement Cody and Use of Parol Evidence*

{¶ 15} Appellants argued and testified at deposition that their father never intended to encumber both parcels rather than just the parcel with the home on it. Both Kevin Cody and Colleen Michelle Clark, Clement Cody's children, testified at their depositions that their father informed them that the reverse mortgage would only encumber the house and not the vacant parcel. They also contend that the lender did not intend to encumber both properties because the mortgage documents and appraisal report only list the address of the home and not the address of the vacant lot. Appellants argue that because the legal description was attached to the mortgage agreement, rather than being included in the mortgage agreement, the legal description was not integrated into the mortgage agreement and cannot be used to encumber both parcels.

{¶ 16} The construction of a written agreement is a matter of law for the court. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1976), paragraph one of the syllabus. The court presumes the intent of the parties is reflected in the language of the contract and the court must examine the contract as a whole. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 590 N.E.2d 411 (1987), paragraph one of the syllabus. The words of a contract will be given their plain and ordinary meaning unless

7.

"manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Alexander* at paragraph two of the syllabus. When the contract language is clear and unambiguous, a court may look no further than the writing itself to ascertain the intent of the parties. *Id.* If there is ambiguity in the language of a contract, the court first looks to extrinsic evidence to determine the parties' intent. *Skivolocki v. E. Ohio Gas Co.*, 38 Ohio St.2d 244, 246, 313 N.E.2d 374 (1974), paragraph one of the syllabus.

{¶ 17} Despite appellants' contentions, the intention of the mortgage agreement was clearly to include both the parcel with the home and vacant parcel. The mortgage agreement includes a legal description that measures both parcels by metes and bounds. The legal description is integrated by reference into the rest of the mortgage agreement. The mortgage agreement is clear and unambiguous and the legal description clearly sets out the boundary of both parcels. Therefore, the mortgage agreement clearly demonstrated the parties' intentions to encumber both pieces of property and therefore the trial court could not consider the parol evidence presented by appellees.

*HUD Regulations*

{¶ 18} Appellants argue that the mortgage on the vacant parcel is invalid because federal regulations do not permit a mortgage on a vacant parcel. 24 C.F.R. 206.45 has many requirements for eligible properties. One of these requirements is that "[t]he property shall include a dwelling designed principally as a residence for one family or such additional families as the Commissioner shall determine."

8.

{¶ 19} The mortgage in this matter does encumber a dwelling that is principally used as a residence for one family. The mortgage also includes the vacant lot but there does not appear any limitation on whether that mortgage can include multiple parcels which may be a residence. Appellants provide no support for their contention that such a limitation exists. Therefore, we find appellants' first assignment of error is found not well-taken on this basis.

**Assignment of Error Two: The Trial Court Erred when it Granted Summary Judgment to Generation on Appellants' Complaint for Trespass and Conversion**

{¶ 20} Appellants argue that there were genuine issues of material fact as to whether Generation authorized its agent to enter the home without right or authority. Appellants argue that there were genuine issues of material fact because the property was never vacant or abandoned by appellants. Generation's agent broke locks off of doors and the garage, drained the hot water tank, and took the water meter. Appellants also argue that Generation was on notice that appellants occupied the property and were maintaining the property pursuant to their obligations to the estate.

{¶ 21} Generation only responded to appellants' second assignment of error as that was the only assignment that directly mentioned Generation. Generation argues that it was contractually permitted to enter the home and preserve the property pursuant to the mortgage agreement. The clause on which Generation bases its claims states "If the property is vacant or abandoned or the loan is in default, Lender may take reasonable actions to protect and preserve such vacant or abandoned Property without notice to the

9.

Borrower." Generation argues that it does not matter whether the property was abandoned or vacant because the death of Clement Cody was a default under the mortgage agreement. Generation also notes that appellants admitted that the home served as a vacation home that sometimes was unoccupied. The mortgage indicates that Generation was entitled to accelerate the debt and demand immediate payment in full if the borrower dies and the property no longer remains the primary residence of the primary borrower.

{¶ 22} Appellants argues in their reply that the property was occupied and maintained so therefore the property could not have been abandoned or vacant. Further, appellants argue it could not have been in default of a mortgage agreement that was not valid in the first place.

{¶ 23} "'Trespass is the unlawful entry upon the property of another.'" *Kramer v. Angel's Path, LLC*, 174 Ohio App.3d 359, 2007-Ohio-7099, 882 N.E.2d 46, ¶ 24 (6th Dist.), quoting *Chance v. BP Chems., Inc.*, 77 Ohio St.3d 17, 24, 670 N.E.2d 985 (1996). "The elements of trespass include '(1) an unauthorized intentional act and (2) entry upon land in the possession of another.'" *Id.*, quoting *Brown v. Cnty. Comms. of Scioto Cnty.*, 87 Ohio App.3d 704, 716, 633 N.E.2d 1153 (4th Dist.1993).

{¶ 24} "The essential elements of a conversion claim are (1) ownership or right to possession of the property at the time of conversion, (2) a wrongful act or disposition of that property right by the defendant, and (3) damages." *Hutchings v. Hutchings*,

10.

2019-Ohio-5362, 150 N.E.3d 548, ¶ 23 (6th Dist.), citing *Peirce v. Szymanski*, 6th Dist. Lucas No. L-11-1298, 2013-Ohio-205, ¶ 19.

{¶ 25} As we previously found that the mortgage agreement was valid and enforceable, we must find that appellants were in default under the same agreement when Clement Cody passed away. The note states that a default occurs when the borrower passes away and permits the lender to require immediate payment of all outstanding principal and interest. A default may also be found if all of the borrower's title in the property is otherwise transferred. Therefore, appellants were in default of the mortgage agreement due to the death of Clement Cody. As such, under the mortgage agreement, Generation and its representatives had permission from appellants to secure the property. Generation had permission from appellants to enter the property and take the reasonable actions it completed. Appellants' second assignment of error is not well-taken as Generation was permitted to enter the property under the mortgage agreement.

**Assignment of Error Three: The Trial Court Erred when it Determined that 703,201.45 is Due and Owing from the Mortgage Agreement**

{¶ 26} Next, appellants argue that the trial court erred when it determined the amount that was due and owing under the mortgage agreement. The trial court found that $439,534.23 was still due in principal, $227,458.96 due in interest, $7,133.62 was due for property taxes, $3,316 was due for insurance, and $475 was due for preservation. Appellants argue that they put all of these amounts at issue and demonstrated genuine issues of material fact. Appellants argue that they placed the mortgage agreement under

11.

dispute, that there was no evidence that preservation was required or that Generation had the authority to do so, and appellants paid the property taxes and insurance.

{¶ 27} Nationstar responds by arguing that appellants failed to present valid evidence under Civ.R. 56(C) that would contradict its affidavit and accounting of damages. Appellants' opposition to Nationstar's motion for summary judgment does not contest the amount Nationstar claims to be owed, but rather focuses on the intent of Clement Cody when encumbering the property, whether they are permitted to seek reformation of the mortgage, and arguing that the mortgage agreement is unenforceable. In support of its arguments, appellants attached the depositions of Clement Cody's son and daughter, a HUD statement, the note, and the appraisal report.

{¶ 28} We cannot find that reasonable minds would differ on the amounts due and owing on the loan. The only evidence presented to the trial court was the evidence presented by Nationstar. Nationstar presented evidence of their accounting as well as an affidavit testifying to the truth of the accounting. By doing so, Nationstar complied with Civ.R. 56 and demonstrated that there were no genuine issues of material fact surrounding the amounts. Appellants failed in their response to demonstrate that there was a genuine issue of material fact in order to demonstrate that the amount was incorrect. Therefore, appellants' third assignment of error is found not well-taken.

12.

**Assignment of Error Four: The Trial Court Erred when it Determined Damages without Holding a Hearing**

{¶ 29} Appellants argue that the trial court abused its discretion when it determined damages without a hearing and such a decision was unreasonable and unconscionable. Appellants argue that Nationstar never proffered any evidence that it paid the additional costs it sought to be reimbursed for. Nationstar argues that it was within the trial court's discretion to decide whether an evidentiary hearing on damages is necessary.

{¶ 30} It is within a trial court's discretion to decide that a damages hearing is necessary. *Lehrer v. McClure*, 5th Dist. Stark No. 2013CA00039, 2013-Ohio-4690, ¶ 24, citing *Buckeye Supply Co. v. Northeast Drilling Co.*, 24 Ohio App.3d 134, 136, 493 N.E.2d 964 (1985).

{¶ 31} Here, we cannot find that the trial court abused its discretion when it determined damages without a hearing. Appellants were aware and had more than six years of litigation to respond to claimed damages by Nationstar. Further, appellants failed to present any evidence contrary to Nationstar's accounting that would permit the trial court to come to any other number. Therefore, appellants' fourth assignment of error is not well-taken.

13.

**Assignment of Error Five: The Trial Court Abused its Discretion by Finding that the Equity of Redemption of All Appellants shall be Foreclosed Prior to the Confirmation of Sale**

{¶ 32} Appellants argue that the trial court's order prematurely ended appellants' right to redemption against R.C. 2329.33. Nationstar states that appellants confused their equitable right of redemption with the statutory right of redemption and that the trial court did not abuse its discretion when it provided appellants their statutory right to redemption.

{¶ 33} R.C. 2329.33 provides that at any time before a sale is confirmed the debtor may redeem their property by submitting to the clerk the amount of the judgment and applicable interest.

> In Ohio, a mortgagor's right to redeem is 'absolute and may be validly exercised at any time prior to the confirmation of sale.' This right is dual in nature, arising both from equity and statute. The mortgagor's 'equity of redemption' is typically cut off once a mortgagee seeks and is granted a decree of foreclosure. Generally, a common pleas court grants the mortgagor a three-day grace period to exercise the 'equity of redemption,' which consists of paying the debt, interest and court costs, to prevent the sale of the property. (Citations omitted.)

*Hausman v. Dayton*, 73 Ohio St.2d 671, 676, 653 N.E.2d 1190 (1995).

{¶ 34} Here, the trial court provided appellants a three-day period in which to redeem the property within the meaning of R.C. 2329.33. Therefore, the trial court did

14.

not abuse its discretion or incorrectly end appellants' right to redemption of the property. Therefore, appellants' fifth assignment of error is not well-taken.

## Conclusion

{¶ 35} We therefore affirm the July 26, 2018 judgment of the Ottawa County Court of Common Pleas. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.