BUCKEYE SUPPLY COMPANY, APPELLEE, *v.* NORTHEAST DRILLING COMPANY ET AL., APPELLANTS.

(No. 2012—Decided May 8, 1985.)

*P. Douglas Barr* and *John Keller,* for appellee.

*Leland D. Cole,* for appellants.

GEORGE, P.J. Defendants-appellants, Northeast Drilling Company and Charles E. Hamrick, appeal the trial court's granting of a default judgment and award of $8,889.92 to plaintiff-appellee, Buckeye Supply Company. This court affirms the judgment.

On November 30, 1983, plaintiff filed a complaint in the trial court asserting causes of action on an account, in fraud, and in quantum meruit for defendants' failure to pay for goods sold to the company. Attached to the complaint were invoices itemizing the items sold and giving prices and dates. Service on the complaint was effectuated by ordinary mail, after service by certified mail was refused. When no answer was received by the specified answer date of February 2, 1984, plaintiff moved for default judgment on February 10, 1984. A copy of the motion was served on defendants on February 9, 1984, at which time they sought counsel. A motion to file defendants' answer instanter, along with the proposed answer, was filed February 15, 1984. On February 17, 1984, the court journalized an entry giving defendants seven days to file a memorandum demonstrating excusable neglect. The court filed its decision and judgment entry on March 12, 1984, denying defendants' motion for leave to file an answer instanter and granting plaintiff's motion for default judgment. It is from this judgment that defendants appeal, assigning as error:

"I. The trial court committed prejudicial error by granting a default judgment on the appellee's complaint which does not state a cause of action against the appellants.

"II. The trial court committed prejudicial error by not holding a hearing before the default judgment was granted.

"III. The trial court committed prejudicial error by denying appellants' motion to file an answer instanter pursuant to Civil Rule 6(B).

"IV. The trial court committed prejudicial error by granting appellee's motion for a default judgment when the appellants, who had appeared in the action, were not given seven (7) days notice prior to the entering of the default judgment."

It is well-settled in Ohio that a default judgment is improper when the complaint fails to state a cause of action against the defaulting defendant.

*American Bankers Insurance Co. of Florida* v. *Leist* (1962), 117 Ohio App. 20 [22 O.O.2d 455], and 32A Ohio Jurisprudence 2d (1975) 376, Judgments, Section 864. However, this court cannot find that plaintiff's complaint in this case is insufficient on its face to authorize a recovery against defendants.

Nor was the court below required to take evidence to establish plaintiff's damages. Proof of damages is required before a default judgment may be granted in an action founded upon negligence; however, no such proof is necessary to support a liquidated damage claim based upon an account such as was alleged here. *Farmers & Merchants State & Savings Bank* v. *Raymond G. Barr Ent., Inc.* (1982), 6 Ohio App. 3d 43, and 32A Ohio Jurisprudence 2d (1975) 374, Judgments, Section 862. Thus, the first assignment of error is overruled.

Assignments of error two and four are concerned with procedural aspects in the granting of a default judgment. These are governed by Civ. R. 55(A) which states in pertinent part:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * *. If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper * * *."

Clearly, Civ. R. 55(A) makes it discretionary with the trial court to decide if a hearing is necessary. It has always been within the discretion of the trial court to determine whether further evidence is required to support a claim against a defaulting defendant. See *Dallas* v. *Ferneau* (1874), 25 Ohio St. 635, and *Streeton* v. *Roehm* (1948), 83 Ohio App. 148 [38 O.O. 240].

Although not specifically assigned as error, defendants also argue that the trial court should have held a formal hearing on defendants' motion for leave to file their answer. It is acceptable practice, however, for trial courts to dispose of motions without formal hearing, so long as due process rights are afforded. *Wilson* v. *Alside, Inc.* (Apr. 10, 1985), Summit App. No. 11667, unreported; 56 American Jurisprudence 2d (1971) 18-20, Motions, Rules, and Orders, Sections 22 and 23. Absent a showing of an abuse of discretion, this court can find no error in failure of the trial court to hold a formal hearing, either on the motion for leave to file an answer or on the motion for default judgment. Assignment of error two is overruled.

Assuming, *arguendo,* that defendants' motion for leave to file an answer, submitted with its proposed answer, constituted an appearance in the case, defendants are indeed entitled to a seven-day notice prior to entry of the default judgment pursuant to Civ. R. 55(A). It is difficult to understand, however, how defendants can argue that they did not receive that notice. They received a copy of the motion for default judgment on February 9, 1984, more than a month before the judgment entry of March 12, 1984. They were served with the journal entry of February 17, 1984, in which the court instructed them to demonstrate excusable neglect to support their motion for leave to file their answer to the complaint, a step necessary to avoid the impending default judgment. Assignment of error four is overruled.

In their third assignment of error, defendants contend sufficient excusable neglect was shown by them to allow the trial court to permit the filing of a later answer under Civ. R. 6(B). Defendants here were specifically requested by the trial court to demonstrate excusable neglect, but what they offered were actually proposed defenses to the complaint, in addition to an explanation that counsel could not have responded timely because he had not been hired until after the answer date had passed. There is no explanation of why defendants did not respond other than a suggestion that excusable neglect may be inferred from defendants' inexperience with lawsuits and their belief that the suit was frivolous. This court refuses to find excusable neglect in defendants' deliberate act of ignoring a judicial service. Thus, the third assignment of error is overruled.

For the above reasons, this court affirms the default judgment and award of $8,889.92 to plaintiff, Buckeye Supply Company.

*Judgment affirmed.*

MAHONEY and QUILLIN, JJ., concur.