MANSON et al., Appellees,

v.

GURNEY, Appellant.

[Cite as *Manson v. Gurney* (1989), 62 Ohio App.3d 290.]

Court of Appeals of Ohio,
Summit County.

No. 13726.

Decided Jan. 18, 1989.

---

1.  See *Wainscott, supra.*

*Edward L. Gilbert*, for appellees.

*Ed E. Duncan* and *Kevin F. O'Neill*, for appellant.

MAHONEY, Presiding Judge.

Appellant Robert Gurney, Sr. appeals the trial court's decision denying his Civ.R. 60(B) motion to vacate the default judgment entered against him. We affirm.

## Facts

On August 21, 1987, Dorothy and Nathan Manson instituted a cause of action against Robert Gurney, Sr. for injuries resulting from a November 14, 1986 car accident. In his affidavit accompanying his motion to vacate the default judgment, Gurney stated that he received the complaint, read it carefully and set it aside as inapplicable to him because his eighteen-year-old son, Robert Gurney, Jr., had been the party involved in the accident. Since the Mansons allegedly sued the wrong person, Gurney felt there was no need to respond to anything. Default judgment was entered against Gurney on December 24, 1987. On March 25, 1988, Gurney moved to vacate the default judgment on the grounds that the Mansons sued the wrong person. The trial court denied the motion to vacate and said:

"This cause came to be heard on defendant's motion to vacate this court's judgment entered December 24, 1987.

"Upon consideration thereof, this court finds that defendant was served with a copy of the complaint and with notice of this court's hearing on plaintiffs' motion for default judgment. Defendant was named in both documents. Moreover, the notice of the default hearing warned: 'If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.' Nevertheless, defendant chose to ignore both.

"The court determines that, under these circumstances, defendant has not demonstrated a ground pursuant to Civ.R. 60(B) that justifies relief.

"Therefore, it is ORDERED that defendant's motion is hereby denied."

Robert Gurney assigns one error in this appeal.

Assignment of Error I

"The trial court erred in denying defendant-appellant's motion to vacate entry of default judgment."

In the absence of a clear showing of an abuse of discretion, we will not disturb the trial court's decision to deny a Civ.R. 60(B) motion. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 103, 68 O.O.2d 251, 254, 316 N.E.2d 469, 475.

To prevail on a motion brought under Civ.R. 60(B), the movant must show each of the following: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

While Gurney argues that he has met the timeliness prong of the *GTE* test, the Mansons raise a viable question as to the timeliness of Gurney's motion under these circumstances. However, we will first consider this appeal on other grounds.

Clearly, Mr. Gurney has a meritorious defense. He claims the Mansons sued the wrong party.

Although the law favors deciding cases on their merits, we cannot set aside a default judgment on the sole assertion of a meritorious defense. Gurney must also demonstrate his entitlement to relief under one of the grounds set forth under Civ.R. 60(B)(1) through (5). *GTE Automatic Electric, supra.*

Gurney alleges mistake, inadvertence, and excusable neglect as the grounds for relief. Civ.R. 60(B)(1). In support of his allegation of mistake, Gurney claims it was the Mansons' mistake, not his, which entitles him to relief. He argues that this alleged injustice arose from their carelessness in suing the wrong party. We find no authority which would support the granting of a Civ.R. 60(B) motion based on the equitable defense of mistake when it is the movant, Gurney, who chose to allow the allegedly mistaken Mansons to pursue a cause of action for their injuries and then seek to vacate a judgment entered after proper notice to him. Mistake is an affirmative defense which Gurney must plead with specificity. Civ.R. 9(B).

We cannot say the trial court abused its discretion in denying Gurney's motion. As stated in his affidavit and found by the trial court, Gurney had

full knowledge of this suit and of the consequences of his failure to appear and defend. We will not find excusable neglect based on Gurney's claim that his status as a layperson should be sufficient cause for his failure to respond to the complaint. *Buckeye Supply Co. v. Northeast Drilling Co.* (1985), 24 Ohio App.3d 134, 24 OBR 206, 493 N.E.2d 964. We will not condone Gurney's choice to ignore the judicial process. See *Assaf v. Moneskey* (Nov. 30, 1988), Summit App. No. 13581, unreported, 1988 WL 131511.

Accordingly, we overrule Gurney's assignment of error and affirm the decision of the trial court.

*Judgment affirmed.*

FORD and GEORGE, JJ., concur.

DONALD R. FORD, J., of the Eleventh Appellate District, sitting by assignment.

GEORGE, Judge, concurring.

Gurney was properly served and brought within the jurisdiction of the trial court. It was not facially evident to the court from the summons and complaint that he was not the party intended to be sued. Once he was served with the process, he had a duty to speak and bring to the attention of the court that he was not the proper party. See Civ.R. 9(B), which requires a party to particularly state the circumstances giving rise to a claim of mistake; and, *Buckeye Supply Co. v. Northeast Drilling Co.* (1985), 24 Ohio App.3d 134, 137, 29 OBR 206, 208, 493 N.E.2d 964, 966, which states that a defendant cannot ignore judicial service.

Gurney chose to keep quiet. Silence under these circumstances not only disrupted the orderly administration of justice, but delayed and perhaps completely destroyed the Mansons' right to seek recovery. For instance, the action is now barred by the running of the statute of limitations; the correct party-defendant might be beyond the jurisdiction of the court; or, as was the case here, a default judgment might be entered against the wrong person. The summons and notice of the pending default judgment indeed gave Gurney notice of this third possibility and his need to contact the court with any reason why that judgment should not be entered against him.

Gurney was the victim of his own silence. He ignored the service and notice he received and, although he was wrongly named as the defendant, he did not disclose that his son, the proper party, bore his name, except that he is a "Jr." Gurney apparently believed that if he kept quiet, his son would avoid being sued.

Under the facts here, Gurney had a duty to speak. He did not, and, thus, it is appropriate that the default judgment be affirmed against him.