OPINION
Appellant, Timothy G. Stone, appeals from the October 30, 2000 judgment entry of the Portage County Municipal Court, Ravenna Division, granting judgment in favor of appellee, Providian National Bank, in the amount of $13,005.41, plus accrued interest in the amount of $1,943.16.
On May 25, 2000, appellee filed a complaint alleging that appellant owed it the sum of $13,005.41 pursuant to the terms of a credit account agreement. Appellant filed an answer on August 16, 2000. A pretrial was scheduled for September 21, 2000. Appellant's counsel failed to appear at the pretrial, and the trial court entered judgment for appellee.
Appellant has filed a timely notice of appeal and makes the following assignment of error:
 "The trial court erred to the prejudice of [appellant] in granting judgment against him in the amount of $13,005.41, accrued interest of $1,943.16, costs, and additional interest at the rate of 21.99% per annum from and after October 16, 2000."
 Appellant contends that the trial court should have proceeded ex parte when his counsel failed to appear at the pretrial and that appellee should have been required to present evidence in support of its claim before the court entered judgment in appellee's favor. We agree.
A trial court cannot enter a default judgment against a party who has filed an answer. Fallsway Equip. Co. v. Kirtland Auto Sales, Inc. (June 30, 1999), Geauga App. No. 98-G-2169, unreported, 1999 WL 476130, at 2. The proper action for the trial court to take when the defending party fails to appear for trial is to require the plaintiff to proceed exparte in the defendant's absence. Ohio Valley Radiology Assoc. v. OhioValley Hosp. Assn. (1986), 28 Ohio St.3d 118, 122. The ex parte
proceeding requires the plaintiff to provide "affirmative proof of the essential elements of [his] claim * * *." Id.[1]
In the instant matter, appellant filed an answer to appellee's complaint on August 16, 2000. Therefore, the entry of a default judgment was inappropriate when appellant's counsel failed to appear at the pretrial. Rather, it was incumbent upon appellee to prove his claim in anex parte proceeding. That did not happen in this case. Appellant has provided this court with a statement of evidence pursuant to App.R. 9(C), which was approved by the trial court. Paragraph 12 of that document states that "[t]he trial court granted judgment against [appellant] and in favor of [appellee] without the presentation of any evidence or the creation of a record." (Emphasis added.) In view of appellee's failure to present evidence in support of his claim, the trial court erred in entering judgment in appellee's favor. Therefore, appellant's assignment of error is well-taken.
The judgment of the trial court is reversed, and this matter is remanded to the Portage County Municipal Court, Ravenna Division, for further proceedings consistent with this opinion.
PRESIDING JUDGE DONALD R. FORD, CHRISTLEY, J., GRENDELL, J., concur.
[1] Even in some cases involving the granting of a default judgment, evidential intake is required. See Buckeye Supply Co. v. NortheastDrilling Co. (1985), 24 Ohio App.3d 134, 136 ("[p]roof of damages is required before a default judgment may be granted in an action founded upon negligence * * *.")