GUARDIAN ALARM COMPANY, Appellee,

v.

Ali MAHMOUD, d.b.a. Six–12 Mini Mart, Appellant.

[Cite as *Guardian Alarm Co. v. Mahmoud*, 166 Ohio App.3d 51, 2006-Ohio-1227.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–05–1235.

Decided March 17, 2006.

52

Christopher F. Parker, for appellee.

Lawrence Gibson, for appellant.

HANDWORK, Judge.

{¶ 1} In this accelerated appeal from a judgment of the Toledo Municipal Court, appellant, Ali Mahmoud, d.b.a. Six–12 Mini Mart, asserts a single assignment of error:

{¶ 2} "The trial court erred in denying defendant-appellant's motion for relief from judgment."

{¶ 3} On July 23, 2001, appellee, Guardian Alarm Company, filed a complaint in the Toledo Municipal Court seeking the payment of $7,434.74, plus interest, allegedly owed to appellee by appellant. Attached to the complaint was a contract for security services to be provided to "6–12 Market" by appellee. The contract is signed by the "Subscriber/Authorized Representative" of the "6–12 Market." Nothing in the contract itself indicates that appellee was entering into a contract with appellant.

{¶ 4} An attempt to serve "Ali Mahmoud, dba Six–12 Mini Mart" by certified mail was unsuccessful. The post office returned the certified mail, which was stamped "refused." On August 1, 2001, "Ali Mahmoud, dba Six–12 Mini Mart" was served by ordinary mail; the complaint was never returned.

{¶ 5} On September 12, 2001, appellee filed a motion for a default judgment. On September 21, 2001, the trial court granted the motion for a default judgment and awarded appellee $7,434.74, plus interest at a rate of ten percent per annum, and costs. The municipal court docket sheet shows that notification of the court's judgment was sent to "Ali" on September 24, 2001.

{¶ 6} A proceeding in aid of execution of judgment was filed on September 21, 2001, and an order to appear was issued on February 26, 2003. The docket sheet indicates that the manager of the mini-mart accepted service on that same date. On March 3, 2003, the proceeding in aid of execution was continued.

{¶ 7} On April 10, 2003, appellee filed a motion in which it, once again, alleged that the September 21, 2001 judgment against appellant was unsatisfied. Appellee asked the court to issue an order in aid of execution of judgment requiring "Ali Mahmoud, dba Six–12 Mini Mart" to appear before the court for an examination and provide answers concerning any property that he might own. The municipal court granted the motion and issued the requested order of appearance on May 7, 2003. According to the docket sheet, service of the order at the mini-mart failed because "Ali Mahmoud, dba Six–12 Mini Mart" no longer worked at or owned the business.

{¶ 8} Two years later, on April 12, 2005, appellant filed, pursuant to Civ.R. 60(B)(5), a motion to vacate the September 21, 2001 default judgment. Appellant asserted that he had a meritorious defense because he never entered into a

contract for appellee's protective services. In an affidavit filed in support of his motion, appellant avowed that the "Six–12 Mini Mart" was incorporated under the name of Amina Mahmoud, Inc., and that he "was never an employee, officer, director, or shareholder of Amina Mahmoud, Inc." Appellant further averred that he first learned of the judgment against him "in 2003 when [he] obtained a credit report." He therefore argued that appellee brought suit against the wrong party.

{¶ 9} Appellee filed a memorandum in opposition to appellant's motion for relief from judgment. In the memorandum, appellee first argued that appellant was notified of the September 21, 2001 judgment and of the proceedings in aid of execution of judgment; therefore, appellant could not assert that his Civ.R. 60(B)(5) motion for relief from judgment was filed within a reasonable time. A letter from appellant's attorney to appellee's attorney was also offered in support of appellee's motion. The letter is dated April 2, 2003, and states that appellant has no connection, legal or otherwise, with the "Six–12 Mini Mart." The letter also indicates that at the time appellee entered into the contract with the mini-mart, the corporation no longer owned that store. In addition, appellee's memorandum was supported by the affidavit of the Guardian salesperson who signed the contract with the mini-mart. He swore that he was told that appellant was the proprietor of that business.

{¶ 10} Final judgment denying appellant's Civ.R. 60(B)(5) was filed on July 18, 2005. The municipal court held that appellant's motion was untimely and that it did not appear that appellant had a meritorious defense.

{¶ 11} In *GTE Automatic Elec. Inc. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, the Ohio Supreme Court pronounced the standard for prevailing upon a Civ.R. 60(B) motion for relief from judgment. The court held that a party seeking relief from judgment pursuant to Civ.R. 60(B) must show, through operative facts presented in evidentiary form, all three of the following:

{¶ 12} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec.*, at paragraph two of the syllabus.

{¶ 13} In *Volodkevich v. Volodkevich* (1988), 35 Ohio St.3d 152, 154, 518 N.E.2d 1208, the court held that Civ.R. 60(B)(5) is a "catchall provision which reflects the inherent power of a court to relieve a person from the unjust operation of a judgment." The grounds for invoking Civ.R. 60(B)(5) relief must

be substantial. *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365, paragraph two of the syllabus. Further, Civ.R. 60(B)(5) cannot be used as a substitute for one of the more specific provisions of Civ.R. 60(B). Id. at 66, 5 OBR 120, 448 N.E.2d 1365. A trial court's decision on a motion for relief from judgment should not be reversed absent an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. Thus, we cannot reverse the trial judge's decision in this case unless his attitude in reaching that decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 14} Appellant contends that appellee brought suit against the wrong party and that this fact is a meritorious defense under Civ.R. 60(B). We agree. See *Manson v. Gurney* (1989), 62 Ohio App.3d 290, 293, 575 N.E.2d 492. See, also, *Morgan Adhesives v. Sonicor Instrument* (1995), 107 Ohio App.3d 327, 334, 668 N.E.2d 959. Nevertheless, appellant was still required to establish that he filed his Civ.R. 60(B)(5) motion to vacate within a reasonable time. Here, appellant's affidavit establishes that he knew of the judgment against him by, at the earliest, April 2003. Despite the fact that appellant allowed almost two years to pass before he filed his Civ.R. 60(B)(5) motion, we conclude that, under the particular circumstances of this cause, the delay of two years was reasonable.

{¶ 15} In reaching this decision, we are aware of the fact that in *Manson*, the defendant's motion to vacate was brought pursuant to Civ.R. 60(B)(1), that provision in the rule that requires the filing of such a motion within one year of judgment. Id. at 293, 575 N.E.2d 492. Further, we have also considered *Scotlad Foods, Inc. v. Bryant* (Oct. 25, 1995), 2d Dist. No. 95–CA–2, 1995 WL 628045, wherein Bryant filed a Civ.R. 60(B)(5) motion to vacate a default judgment predicated on the fact that he was wrongly named as a defendant because the market was incorporated. Id. The *Scotlad* court followed *Manson* and, in doing so, held that Bryant's claim for relief from judgment did not fall under Civ.R. 60(B)(5) but was based upon excusable neglect as set forth in Civ.R. 60(B)(1). Because Bryant did not file his motion to vacate until four years after final judgment, the court found that it was untimely. *Scotlad.*

{¶ 16} It is undisputed that the defendants in both of the cited cases were served with the complaint against them and chose not to respond. *Manson,* 62 Ohio App.3d at 293, 575 N.E.2d 492; *Scotlad,* supra. Thus, the courts in these cases found inexcusable neglect because those individuals "made the choice to ignore the judicial process." *Manson,* 62 Ohio App.3d at 293, 575 N.E.2d 492. Unlike the aforementioned cases, it appears from the record and the materials submitted in support of and opposing appellant's motion to vacate that appellant never received service of the complaint or of any other court documents. In particular, there is no evidence of the fact that appellant ever had any interest,

ownership or otherwise, in the mini-mart. Further, appellant stated, under oath, that he had no knowledge of the judgment against him until 2003. Finally, there is nothing in the Guardian contract to show that appellant had any interest in the mini-mart or had contracted for appellee's services. Thus, service of court papers to that store would be highly unlikely to reach appellant. Consequently, this case is distinguishable from *Manson* and *Scotlad,* and we conclude that the only means of relief from judgment available to appellant was under Civ.R. 60(B)(5). Accordingly, the trial court abused its discretion in finding that appellant's motion to vacate failed to set forth a meritorious defense and was untimely. Appellant's sole assignment of error is well taken.

{¶ 17} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Toledo Municipal Court is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment reversed.

PIETRYKOWSKI and SINGER, JJ., concur.