[Cite as *Daimler Chrysler Fin. v. L.N.H., Inc.*, 2012-Ohio-2204.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97437**

# DAIMLER CHRYSLER FINANCIAL

PLAINTIFF-APPELLEE

vs.

# LNH, INC., D.B.A.
# ROSIE'S SUNOCO & MINI MART

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-731979

**BEFORE:** S. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 17, 2012

**ATTORNEY FOR APPELLANT**

Tyrone E. Reed
11811 Shaker Blvd.
Suite 420
Cleveland, OH   44120


**ATTORNEYS FOR APPELLEE**

Robert B. Weltman
David S. Brown
Weltman, Weinberg & Reis Co.
323 West Lakeside Avenue
Suite 200
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Defendant-appellant, LNH Inc., d.b.a. Rosie's Sunoco & Mini Mart (hereafter "LNH"), appeals the decision of the Cuyahoga County Court of Common Pleas that denied his motion to vacate default judgment. For the reasons stated herein, we reverse the decision of the trial court and remand the matter for further proceedings.

**{¶2}** On July 19, 2010, plaintiff-appellee, Daimler Chrysler Financial ("the plaintiff") filed a complaint against LNH. The plaintiff claimed that it had obtained a judgment against George Samara, who was an alleged employee of LNH, that the judgment was transferred to Cleveland Municipal Court, that an order of garnishment of Samara's personal earnings was issued and served upon LNH, and that LNH had failed to honor the garnishment. The plaintiff sought a judgment in the amount of $21,364.27 plus interest and costs.

**{¶3}** After certified mail service was returned unclaimed, service of process was made by ordinary mail service. On December 22, 2010, the plaintiff filed a motion for default judgment. The trial court granted the motion on January 11, 2011.

**{¶4}** On August 16, 2011, LNH filed a motion to vacate the default judgment on the grounds of excusable neglect. LNH stated in its motion that it had sold its business to Quasem, Inc., that Samara was an employee of Quasem, and that it was Quasem's

employee who had defaulted on a loan for the purchase of a vehicle. LNH further represented that plaintiff's counsel was aware that LNH was not the real party in interest, yet proceeded to obtain a default judgment against LNH. LNH also stated that after a discussion with plaintiff's counsel, it believed the case would be dismissed. Attached to the motion were copies of unverified checks evincing the deposit and down payment for Quasem's purchase of the business in October 2008, as well as an unsigned copy of the asset purchase agreement.

{¶5} The docket reflects that a hearing was set for September 6, 2011. Although it is not reflected in the record, the plaintiff represents that the hearing was set for September 20, 2011, and that LNH failed to appear at the hearing. The plaintiff filed a brief in opposition to LNH's motion on September 9, 2011.

{¶6} The trial court denied the motion to vacate without opinion on September 21, 2011, and this appeal followed. LNH raises two assignments of error for our review.

{¶7} Initially, we note that a garnishee may contest its liability to a garnishment order in a civil action brought under R.C. 2716.21(F). *Januzzi v. Hickman*, 61 Ohio St.3d 40, 44, 572 N.E.2d 642 (1991). R.C. Chapter 2716, which governs the garnishment of personal earnings or property of a judgment debtor, treats the garnishee as a nonparty for purposes of garnishment proceedings. *Id.* at 43. As such, an order to the garnishee to pay into court is merely preparatory to further proceedings and does not finally determine the garnishee's liability. *Id.* at 43-44. When a garnishee fails to answer or satisfactorily answer an order of garnishment as required under R.C. 2716.05 or

R.C. 2716.13, or fails to comply with an order to pay into court, the court may proceed against the garnishee in contempt pursuant to R.C. 2716.21(E), or the judgment creditor may initiate a separate civil action pursuant to R.C. 2716.21(F), whereupon the liability of the garnishee may be finally determined. *Id.* at 44. Thus, despite the issuance of a garnishment order by the municipal court, LNH's liability remained to be finally determined in this civil action.

{¶8} LNH's first assignment of error challenges the denial of the motion to vacate. Civ.R. 55(B) provides that "[i]f a judgment by default has been entered, the court may set it aside in accordance with [Civ.R.] 60(B)." Civ.R. 60(B) provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for

reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *.

**{¶9}** The Ohio Supreme Court has recognized that in order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146, 150-51, 351 N.E.2d 113 (1976). We review a trial court's denial of a Civ.R. 60(B) motion for relief from judgment under an abuse-of-discretion standard. *See Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). To constitute an abuse of discretion, the trial court's ruling must be "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶10}** It is well recognized that the law generally does not favor default judgments and that cases should be decided on their merits whenever possible. *Wilson v. Lee*, 172 Ohio App.3d 791, 2007-Ohio-4542, 876 N.E.2d 1312, ¶ 15 (2d Dist.). Thus, "[w]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *GTE Automatic Elec., Inc.*, at paragraph three of the syllabus.

**{¶11}** LNH asserts that it has a meritorious defense because it was not the proper party to be garnished. LNH asserts that Quasem was the employer of Samara, who was

the subject of the judgment underlying the garnishment. LNH submitted documents demonstrating that the business had been sold to Quasem in October 2008, well before the plaintiff sought to garnish Samara's wages. As such, LNH claims no action for garnishment was proper against it.

{¶12} We recognize that the checks attached to the motion to vacate were not verified and that the asset purchase agreement was unsigned. However, it has been recognized that "[a] meritorious defense exists when the movant specifically alleges operative facts that support a defense to the judgment." *Kadish, Hinkel & Weibel Co., L.P.A. v. Rendina*, 128 Ohio App.3d 349, 352, 714 N.E.2d 984 (8th Dist.1998). Moreover, to demonstrate a meritorious defense, the movant must merely allege operative facts that would support a meritorious defense, not prove that he or she will prevail on that defense. *Id.*, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶13} Here, LNH alleged operative facts to show that Samara was not an employee of LNH and that the garnishment of his personal earnings was made against the wrong party. The filing of an action against a wrong party has been held to present a meritorious defense. *Rocha v. Salsbury*, 6th Dist. No. F-05-014, 2006-Ohio-2615, ¶ 16; *Guardian Alarm Co. v. Mahmoud*, 166 Ohio App.3d 51, 2006-Ohio-1227, 849 N.E.2d 58, ¶ 14 (6th Dist.). Similarly, we find that LNH presented a meritorious defense in that it claims it was not the proper party from which to garnish Samara's wages.

{¶14} We also find LNH established excusable neglect. LNH asserted that plaintiff's counsel was made aware that LNH was not the proper party and that plaintiff's counsel led LNH to believe that the case would be dismissed. Additionally, LNH asserted in its motion that after learning of the default judgment, it retained counsel who filed the motion to vacate judgment after plaintiff's counsel rejected a proposal to have the default judgment vacated. The motion to vacate judgment was filed seven months after the default judgment, which we find was timely under the circumstances herein.

{¶15} Upon the record before us, we find the trial court abused its discretion in denying LNH's motion to vacate judgment and we sustain the first assignment of error. Insofar as LNH also asserts fraud with regard to an agreed journal entry obtained in a related action, this issue was not presented to the trial court and is not properly before us.

{¶16} LNH's second assignment of error challenges the trial court's failure to hold a hearing on the motion. When a Civ.R. 60(B) motion "contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion." *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 1996-Ohio-54, 666 N.E.2d 1134. Here, the docket reflects that the trial court did schedule a hearing on the motion. However, it is represented that LNH did not appear. Accordingly, we overrule the second assignment of error.

{¶17} We are mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds. When grounds for relief are

apparent from the face of the record, a trial court may grant a Civ.R. 60(B) motion without a hearing. *UBS Real Estate Secs., Inc. v. Teague*, 191 Ohio App.3d 189, 2010-Ohio-5634, 945 N.E.2d 573, ¶ 35 (2d Dist.). As we found above, a movant need not prove he will succeed on his defense, and LNH alleged sufficient operative facts to warrant relief under the provisions of Civ.R. 60(B). As such, we conclude the trial court abused its discretion in denying LNH's motion.

{¶18} Judgment reversed, and case remanded for further proceedings on the merits of the action.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN A. KEOUGH, J., CONCUR