[Cite as *Lehrer v. McClure*, 2013-Ohio-4690.]


COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| RICHARD LEHRER, ET AL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiffs-Appellees | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013CA00039 |
| RALPH MCCLURE, ET AL | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Civil appeal from the Stark County Court of
Common Pleas, Case No. 2012CV02680

JUDGMENT:  Affirmed




DATE OF JUDGMENT ENTRY:  October 21, 2013




APPEARANCES:

For Plaintiffs-Appellees                     For Defendant-Appellant

ANDREW ZUMBAR                          JANA DELOACH
526 East Main Street                         P.O. Box 2385
Alliance, OH 44601                            Akron, OH  44309

*Gwin, P.J.*

{¶1} Appellant appeals the January 28, 2013 judgment entry of the Stark County Common Pleas Court granting appellees' motion for summary judgment, ordering foreclosure of the Parkway Property, and granting judgment in the amount of $128,987.16 with interest from the date of judgment at the statutory rate.

*Facts & Procedural History*

{¶2} On January 7, 2010, appellant Ralph McClure and appellees Richard and Debra Lehrer entered into a land installment contract for the premises located at 707 Parkway Boulevard, Alliance, Ohio. The contract provided that appellant would pay appellees a total of $264,900.00 for the real estate according to the following terms: $10,000 payable immediately as a down payment and thirty-eight (38) monthly installments of $7,266.88 commencing February 2010 that included interest at the rate of five (5) percent per annum. Further, under the section of the contract entitled "Contract Price and Payment," it states that, "In the event that any installment shall become overdue for a period in excess of fifteen (15) days, a late charge of five (5) percent of the delinquent installment may be charged by the Vendor * * *." The contract also provides if "any installment payment is not made when due, or within thirty (30) days thereafter * * * the unpaid balance shall become due at the option of the Vendor, or Vendor may initiate forfeiture of Vendee's interests and retain all installment payments as liquidated damages and may retake possession of the property as provided by law."

{¶3} Appellant paid the $10,000 down payment and made monthly payments through September of 2011. In October of 2011, appellant ceased paying the monthly

installment payments. In a letter dated December 2, 2011 and served via certified mail, appellees notified appellant that he was delinquent in payment and that if he failed to bring the matter current in thirty (30) days, appellees would initiate a forfeiture and foreclosure of the land installment contract. Appellant failed to make further payment on the contract. On June 15, 2012, in a letter served by certified mail, counsel for appellees notified appellant the land installment contract between appellant and appellees was forfeited unless appellant fully and completely performed the terms of the contract within ten (10) days of the date he received the letter. Appellant did not make any further payments on the land installment contract.

{¶4} Appellees filed a complaint for foreclosure of land installment contract and breach of contract on August 23, 2012. In the complaint, appellees sought a judgment of forfeiture, order of foreclosure, sale of the premises, and judgment for all sums due under the land installment contract, which totaled approximately $150,000. Appellant filed his answer to the complaint on September 25, 2012. On October 18, 2012, the trial court issued a case management and trial order setting a discovery cut-off date of December 10, 2012 and a dispositive motion deadline of December 14, 2012. The case management order specified that "responses to dispositive motions are due within 14 days of filing dispositive motions, unless otherwise ordered by the Court."

{¶5} On December 14, 2012, appellees filed a motion for summary judgment alleging there were no genuine issues of material fact and they were entitled to forfeiture of the land installment contract and monetary damages of $128,987.16 on their breach of contract claim. The affidavit of Richard Lehrer was attached to the motion for summary judgment and stated he had personal knowledge of the facts set

forth therein. The affidavit stated appellant was in breach of the land installment contract for failing to pay the monthly payments since October of 2011 and that appellees are "owed the sum of $128,987.16 under the terms of the Land Installment Contract" from appellant. The trial court issued a judgment entry establishing a briefing schedule for appellees' motion for summary judgment on December 20, 2012. In the judgment entry, the trial court gave appellant until January 3, 2013 to file a response to the motion for summary judgment. Appellant did not file a response to appellees' motion for summary judgment. On January 28, 2013, the trial court issued a judgment entry granting appellees' motion for summary judgment for the forfeiture of the land installment contract, ordered the foreclosure of the Parkway property, and granted judgment on appellees' breach of contract claim against appellant in the amount of $128,987.16 with interest from the date of judgment.

{¶6} Appellant appeals the January 28, 2013 judgment entry and assigns the following error:

{¶7} "I. THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION REGARDING DAMAGES, FIRST, BECAUSE IT HELD NO EVIDENTIARY HEARING REGARDING DAMAGES, AND, SECONDLY, BECAUSE SAID DAMAGES EXCEEDED THE PURCHASE PRICE OF THE PROPERTY IN ISSUE AND THE AMOUNT PERMITTED BY R.C. 5313.07."

I.

{¶8} Appellant stipulates to the finding that he breached the terms of the land installment contract. However, appellant argues the trial court erred in awarding appellees damages of $128,987.16. We disagree.

*Summary Judgment*

**{¶9}** Civ.R. 56 states, in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**{¶10}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the

applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶11} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

{¶13} The facts relied upon in a motion for summary judgment must be presented by the type of evidence listed in Civil Rule 56(C), which includes "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be

admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E).

*Insufficient Evidence*

**{¶14}** Appellant first argues the trial court erred in determining the amount of damages because appellees failed to meet their initial burden regarding damages in their summary judgment motion. We disagree.

**{¶15}** The affidavit provided by appellees attached to their motion for summary judgment is of evidentiary quality and value pursuant to Civ.R. 56(C). The affidavit states that Richard Lehrer has personal knowledge as to all the facts set forth in the affidavit. The affidavit sets forth the following facts: The last payment received from appellant by appellees was in September 2011; since October 2011 to the present appellant has not made any payment to appellees under the terms of the Land Installment Contract; appellant has failed to pay appellees the amount of $128,987.16 which amount is truly and lawfully due and owing from appellant to appellees; and appellees are owed the sum of $128,987.16. This amount corresponds with the complaint filed by appellees as the complaint states that appellant "owes the entire balance remaining due and owing under the terms of the Land Installment Contract, which totals approximately $150,000." Richard Lehrer's affidavit also states that the required statutory notices were sent to appellant and appellant failed to respond to the statutory notices. Thus, appellees met their evidentiary burden in their summary judgment motion.

**{¶16}** As appellees met their evidentiary burden to establish there is no issue of material fact with regard to the default of appellant and the amount due and owing

under the terms of the land installment contract, appellant has the reciprocal burden to point to evidentiary material that suggests summary judgment is not warranted. However, despite appellant's receipt of the briefing schedule and case management order set by the trial court, no contrary Civ.R. 56(C) evidence was presented by appellant to indicate he did not default on the land installment contract or that the amount in Richard Lehrer's affidavit was incorrect. Appellant did not state he paid a different amount, that the interest rate or late fees were incorrect, or provide any other specific facts with regards to the amount of damages to refute Richard Lehrer's affidavit. Accordingly, we find there is no genuine issue of material fact remaining to be litigated with regards to appellant's default on the land installment contract and the amount due and owing to appellees pursuant to the land installment contract.

*R.C. 5313.07*

{¶17} Appellant next contends the trial court erred in its award of damages because the amount awarded exceeds the amount permitted by R.C. 5313.07. We disagree.

{¶18} R.C. 5313. 07 provides as follows:

If the vendee of a land installment contract has paid in accordance with the terms of the contract for a period of five years or more from the date of the first payment or has paid toward the purchase price a total sum equal to or in excess of twenty percent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property as provided in section 2323.07 of the Revised Code. Such action may be commenced after expiration of the

period of time prescribed by sections 5313.05 and 5313.06 of the Revised Code.  In such an action, as between the vendor and vendee, the vendor shall be entitled to proceeds of the sale up to and including the unpaid balance due on the land installment contract.

**{¶19}** Appellant contends the $128,987.16 amount is greater than the unpaid balance due on the land installment contract.  The land installment contract, attached to appellees' motion for summary judgment and verification of which was included in Richard Lehrer's affidavit, states that the original balance of the contract is $264,900, payable in one down payment of $10,000 and thirty-eight (38) installments of $7,266.88, which includes an interest rate of five percent per year.  Also the "Contract Price and Payment" section of the land installment contract provides that vendor may charge an additional late charge fee of five percent of the delinquent installment for any installment overdue for a period in excess of fifteen (15) days.  In this case, the land installment contract itself defines the "contract price and payment" to include the down payment, monthly installment payments, interest, and late charges.  Thus, the "unpaid balance due on the land installment contract" is the unpaid portion of the contract price as specifically provided for in the land installment contract.

**{¶20}** In Richard Lehrer's affidavit, he states that appellees are "owed the sum of $128,987.16 under the terms of the Land Installment Contract" from appellant and that $128,987.16 is the amount "truly and lawfully due and owing from Defendant to Plaintiff." The affidavit thus provides that the unpaid balance due on the land installment contract is $128,987.16.  Appellant failed to provide any contrary Civ.R. 56(C) evidence that the unpaid balance due on the land installment contract as stated in Richard

Lehrer's affidavit was incorrect or did not represent the unpaid balance due on the land installment contract. Accordingly, there is no genuine issue of material fact as to the unpaid balance due on the land installment contract.

{¶21} Based on the foregoing, we find the trial court did not err in granting summary judgment to appellees or in awarding the amount of damages set forth in Richard Lehrer's affidavit.

*Evidentiary Hearing*

{¶22} Appellant argues the trial court erred in failing to hold an evidentiary hearing regarding damages. We disagree.

{¶23} It is within the trial court's discretion to decide whether an evidentiary hearing on damages is necessary. *Buckeye Supply Co. v. Northeast Drilling Co.*, 24, Ohio App.3d 134, 136, 493 N.E.2d 964 (1985). Generally a reviewing court will not reverse a trial court's decision regarding its determination of damages absent an abuse of discretion. *Kaufman v. Byers*, 159 Ohio App.3d 238, 823 N.E.2d 530, 2004-Ohio-6346 (11th Dist. 2004). To find an abuse of discretion, this court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Id.*

{¶24} Upon review, we find appellant's argument in support of a damages hearing to be unpersuasive. As discussed above, appellees submitted an affidavit with their motion for summary judgment specifically stating the total amount due and owing under the terms of the land installment contract is $128,987.16. The trial court utilized

this amount in awarding damages. This amount comports with appellees' complaint that stated the balance remaining due and owing under the land installment contract was approximately $150,000. Appellant was given notice of the filing of the motion for summary judgment and the briefing schedule set by the trial court. However, appellant failed to present any evidence in response to appellees' motion for summary judgment to dispute the amount provided by Richard Lehrer in his affidavit or request a hearing on damages. Accordingly, we find the trial court did not abuse its discretion in failing to hold an evidentiary hearing regarding damages.

{¶25} For the foregoing reasons, appellant's assignment of error is overruled and the January 28, 2013 judgment of the Stark County Common Pleas Court is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. CRAIG R. BALDWIN

WSG:clw 1004

[Cite as *Lehrer v. McClure*, 2013-Ohio-4690.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

RICHARD LEHRER, ET AL           :
                                :
            Plaintiffs-Appellees    :
                                :
                                :
                                :
-vs-                            :        JUDGMENT ENTRY
                                :
RALPH MCCLURE, ET AL            :
                                :
                                :
            Defendant-Appellant    :        CASE NO. 2013CA00039


        For the reasons stated in our accompanying Memorandum-Opinion, the January 28, 2013 judgment of the Stark County Common Pleas Court is affirmed.    Costs to appellant.


                                    _____
                                    HON. W. SCOTT GWIN


                                    _____
                                    HON. JOHN W. WISE


                                    _____
                                    HON. CRAIG R. BALDWIN