OPINION
{¶ 1} Defendant-appellant, Ricky Buzzard, appeals from a judgment of the Franklin County Court of Common Pleas denying his Civ.R. 60(B) motion to suspend or vacate judgment. Because the trial court did not abuse its discretion, we affirm that judgment.
 {¶ 2} On or about May 31, 2000, appellant was found guilty of a number of criminal offenses arising from the robbery and sexual assault of Elvira Butenko. The Cuyahoga County Court of Common Pleas sentenced appellant to prison as a result of those convictions. Seeking reparations for costs resulting from appellant's attack upon her, Ms. Butenko applied for, and received, a total of $2,815.67 from plaintiff-appellee, the State of Ohio Crime Victims Reparations Fund ("the Fund"). On January 8, 2002, the Fund, through the Ohio Attorney General, filed this suit against appellant seeking reimbursement of the $2,815.67 it paid to Ms. Butenko.
 {¶ 3} The Fund moved for summary judgment against appellant, arguing that it was entitled to judgment as a matter of law pursuant to R.C.2743.72(A). By judgment entry filed April 17, 2002, the trial court agreed and granted judgment as a matter of law to the Fund. This court dismissed appellant's appeal of that judgment due to his failure to timely file a merit brief in support of his appeal.
 {¶ 4} Subsequently, on June 15, 2004, appellant filed a motion, pursuant to Civ.R. 60(B), to vacate the trial court's April 17, 2002 judgment. Before the Fund responded, the trial court denied appellant's motion because it was not filed within a year of the trial court's April 17, 2002 judgment or within a reasonable time of that judgment.
 {¶ 5} Appellant appeals, assigning the following errors:
I. The trial court abused its discretion when it denied Appellant[']s motion too suspend or vacate judgment entry without, a) requiring appellee to file a response, and b) without addressing the merit of appellant[']s claim of an ex post facto law violation.
II. The ohio ottorney oeneral oiolated ex post facto law by using ohio revised code 2743.72 in a retrospective manner in violation of article two section twenty-eight of the ohio constitution and article one section nine of the united states constitution.
III. The ohio attorney general[']s office breached the appellant[']s plea agreement with the state of ohio by having a new sanction added to his sentence that was not made part of that legal contract in violation of article one sections 10 and 16 of the ohio constitution, fifth, sixth
and fourteenth amendments of the united states constitution.
 {¶ 6} Appellant's first assignment of error contends the trial court abused its discretion by denying his Civ.R. 60(B) motion. We disagree.
 {¶ 7} The Supreme Court of Ohio set forth the requirements for obtaining relief pursuant to a Civ.R. 60(B) motion in GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus:
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 {¶ 8} If any of these requirements are not met, Civ.R. 60(B) relief should not be granted. State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151; Strack v. Pelton (1994), 70 Ohio St.3d 172, 174.
 {¶ 9} A motion made pursuant to Civ.R. 60(B) is addressed to the sound discretion of the trial court, and a trial court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. Griffeyv. Rajan (1987), 33 Ohio St.3d 75, 77; Investors Reit One v. Fortman
(Jan. 16, 2001), Franklin App. No. 00AP-195. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} The trial court denied appellant's motion as untimely. The grounds for relief asserted in a Civ.R. 60(B) motion determine when such a motion must be filed to be timely. Appellant's Civ.R. 60(B) motion did not set forth the grounds under which he sought relief. Appellant's motion, however, was not timely filed under any of the available grounds for relief. If appellant sought relief under Civ.R. 60(B)(1), (2), or (3), his motion had to be filed within one year of the trial court's April 17, 2002 judgment. Appellant's motion was not filed until June 15, 2004, more than one year after the trial court's judgment and therefore not timely.
 {¶ 11} Alternatively, if appellant sought relief under Civ.R. 60(B)(4) or (5), his motion had to be filed within a reasonable time of the trial court's April 17, 2002 judgment. The determination of what constitutes a reasonable time is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion.Miamisburg Motel v. Huntington Natl. Bank (1993), 88 Ohio App.3d 117,128. Appellant filed his Civ.R. 60(B) motion on June 15, 2004, more than two years after the trial court's April 17, 2002 judgment. He did not provide an explanation for this two-year delay. The trial court found this two-year delay to be unreasonable. It was not an abuse of discretion for the trial court to find that appellant's unexplained delay of more than two years between the trial court's April 17, 2002 judgment and his Civ.R. 60(B) motion was unreasonable. Unexplained delays of half that time have been found unreasonable. See State v. Dodson, Franklin App. No. 03AP-306, 2004-Ohio-581, at ¶ 11 (finding unexplained delay of one year unreasonable); Drongowski v. Salvatore (Oct. 1, 1992), Cuyahoga App. No. 61081 (finding unexplained 11-month delay unreasonable); Cooperv. Cooper (Nov. 4, 1998), Medina App. No. 2741-M (finding unexplained 11-month and three-weeks delay unreasonable); Schmuhl v. Schmuhl (Feb. 6, 1997), Cuyahoga App. No. 71005 (finding almost one-year unexplained delay unreasonable).
 {¶ 12} The trial court did not abuse its discretion by denying appellant's Civ.R. 60(B) motion as untimely, as the motion was not filed within a year of the trial court's April 17, 2002 judgment or within a reasonable time of that judgment. Additionally, the trial court did not err by making its decision without a response from the Fund because appellant's motion was untimely on its face. Finally, because appellant's Civ.R. 60(B) motion was untimely, the trial court did not err by denying his motion without addressing the merits of the motion. Appellant's first assignment of error is overruled.
 {¶ 13} Having overruled appellant's first assignment of error, his second and third assignments of error, which address the merits of the trial court's April 17, 2002 judgment, are rendered moot. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Lazarus, J., concur.