[Cite as *Fannie Mae v. Dent*, 2021-Ohio-3826.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Fannie Mae, aka<br>Federal National Mortgage<br>Association c/o Chemical Bank, | : | |
| | : | |
| Plaintiff-Appellee, | : | No. 20AP-197<br>(C.P.C. No. 18CV-6753) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Richard A. Dent, III et al., | : | |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on October 28, 2021

**On brief:** *Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A.*, and *Eric T. Deighton,* for appellees Fannie Mae and Chemical Bank. **Argued:** *Eric T. Deighton.*

**On brief:** *Joshua D. DiYanni*, for appellants Richard Dent, III and Karena Lowe-Dent. **Argued:** *Joshua D. DiYanni.*

**On brief:** *Mallory Law Office, LLC*, and *Thomas H. Mallory, Jr.,* for appellees Mark and Julie Vieta. **Argued:** *Thomas H. Mallory, Jr.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} This case arises from an alleged mortgage default by defendants-appellants, Richard Dent and Karena Lowe-Dent ("Dents"), on a property in Gahanna, Ohio, as well as an alleged breach by the Dents of a rent-to-own contract regarding that same property.

No. 20AP-197

Plaintiff-appellee, Fannie Mae, filed a suit alleging default by the Dents on August 8, 2018, and on August 13, 2018 defendant-appellee, Chemical Bank, filed an answer and cross-claim, alleging that it was the holder of another promissory note and mortgage on the property and also alleging default by the Dents. On October 11, 2018 defendants-appellees, Mark and Julie Vieta ("Vietas"), who alleged that they were rent-to-own tenants of the property, were permitted to intervene as party defendants and also filed an answer and cross-claim against the Dents, which alleged breach of contract and fraudulent inducement.

{¶ 2} Service of all three pleadings was perfected on the Dents by early November 2018, but the Dents never answered the complaint or either cross-claim. After a series of motions for default judgment filed by the Vietas, Chemical Bank, and Fannie Mae, the trial court granted default judgment in favor of the Vietas against the Dents on March 14, 2019, and in favor of Fannie Mae, Chemical Bank, and the Vietas on October 19, 2019.

{¶ 3} On January 29, 2020, a notice of sheriff's sale of the property was issued, with the sale set for March 6, 2020. But instead, the Dents appeared for the first time in the case, and on February 10, 2020 they filed both a motion for relief from the October 8, 2019 judgment in favor of the Vietas and a motion to stay and vacate the sheriff's sale. Responsive memoranda to the motion were filed in late February 2020, and on March 2, 2020, the trial court issued the decision now being appealed and denied both motions. The sale went forward on March 5, 2020, and the Vietas were able to purchase the property at that time.

{¶ 4} The Dents, meanwhile, have appealed the March 2, 2020 decision and order of the Franklin County Court of Common Pleas denying their motions, and assert two assignments of error:

> [I.] The Trial Court erred in denying Defendants' Motion for Relief from Judgment.

No. 20AP-197

[II.] The Trial Court erred in denying Defendants' Motion to Stay Enforcement of the Judgment.

{¶ 5}　In their first assignment of error, the Dents argue that the trial court erred by denying their motion for relief from judgment under Civ.R. 60(B). We must begin by observing that this motion applies only to the judgment "in favor of Defendants [Mark and Julie] Vieta"—that is, the March 14, 2019 order concluding that the Dents had "breached the Lease Extension between the parties dated January 30, 2018," that "the Dents fraudulently induced the Vietas to enter into said Lease Extension," and granting judgment in favor of the Vietas "in the amount of $50,000" plus reasonable attorney fees and costs. (Mar. 14, 2019 Order.)

{¶ 6}　In their complaint, the Vietas had alleged that the Dents had not informed the Vietas of the mortgages on the property, and that in June 2018 Richard Dent had informed Mark Vieta that the Dents were going to let the property go into foreclosure. (Oct. 9, 2018 Defts.' Answer & Cross-cl. at 6-7.) But in their motion for relief from judgment, the Dents asserted that default judgment was improperly granted as to Karena Lowe-Dent, who they argued was not a party to the rent-to-own agreement, and also that the monetary judgment awarded was incorrect because the Vietas had themselves breached the agreement by withholding rent and late fees after the foreclosure was filed. (Feb. 10, 2020 Defts.' Mot. for Relief from Jgmt. at 3-5.)

{¶ 7}　The Dents argue that the trial court incorrectly concluded that these defenses were insufficient to entitle them to relief from the default judgment in favor of the Vietas under Civ.R. 60(B). The rule provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly

No. 20AP-197

> discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

*See generally GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-51 (1976) (holding that to "prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken"). If any of these requirements are not met, Civ.R. 60(B) relief should not be granted. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996). Moreover, a motion made pursuant to Civ.R. 60(B) is addressed to the sound discretion of the trial court, and the trial court's ruling will not be disturbed on appeal unless an abuse of that discretion is shown. *See, e.g., Ohio Victims Reparations Fund v. Buzzard*, 10th Dist. No. 04AP-743, 2005-Ohio-467, ¶ 9 (citing cases).

{¶ 8} The Dents argued below and argue again in this court that they have demonstrated meritorious defenses or claims to present, and that the motion was filed both within a reasonable time and within one year of the judgment as required by the rule. The Vietas agree that the Dents "appear to have satisfied two of the three prongs" of the

No. 20AP-197

requirements of Civ.R. 60(B) as described in *GTE Automatic* and the text of the rule itself. (Brief of Appellees at 11. )

{¶ 9} Accordingly, the only remaining issue under this assignment of error is whether the motion satisfies one of the reasons for relief set forth in Civ.R. 60(B)(1) through (5). The parties have focused on a single question—whether the Dents' approximately 18-month delay in responding to and participating in the lawsuit can be considered "excusable neglect" under Civ.R. 60(B)(1).

{¶ 10} The Dents argued both in the trial court and in this court that during the entire period of delay, they had openly and in good faith negotiated with Fannie Mae, Chemical Bank, and the Vietas in an attempt to resolve the dispute short of a legal judgment. Richard Dent averred that during the course of the lawsuit, he had attempted to negotiate with all parties to "resolve the lawsuit [and] sell the house to Mark and Julie Vieta," (s*ee* Feb. 10, 2020, Aff. of Richard Dent at ¶ 6), and that during the same period he was "living in Florida, and due to the distance and lack of financial ability, [he was] unable to hire legal counsel until recently." *Id.* at ¶ 8. Accordingly, the Dents contend that participation in negotiations, accompanied by financial and geographic hardship, constitute a sufficient excuse for their neglect in responding to the suit.

{¶ 11} The trial court disagreed with this argument, noting that the Dents were unquestionably aware of the pending litigation, and "[w]hile litigation can be expensive and Florida is a distance from Ohio, the Dents' failure to formally respond to the lawsuit, even pro se, when they had knowledge of the potential of foreclosure is ultimately not excusable neglect." (Mar. 2, 2020 Decision & Order at 6.) The Dents must now demonstrate that this holding was an abuse of the trial court's discretion.

{¶ 12} But this they cannot do. In *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. No. 14AP-640, 2015-Ohio-1368, we thoroughly examined "excusable neglect" under Civ.R. 60(B)(1) and set forth a number of principles that guide our analysis in every case where excusable neglect is asserted. We held:

> [T]he concept of excusable neglect must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done. In determining whether excusable or inexcusable neglect has occurred, a court must of necessity take into consideration all the surrounding facts and circumstances. Excusable neglect is defined in the negative and inaction of the party is not excusable neglect if it can be labeled as a complete disregard for the judicial system.

(Internal citations and quotations omitted.) *Id.* at ¶ 11. In *Dispatch Printing*, we adopted and amplified the analysis set forth in the Fourth District's decision in *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525 (4th Dist.1997). In that case, the court surveyed Ohio law and recognized four factors that generally determine whether excusable neglect is present. In *Dispatch Printing*, we listed those factors and cited multiple cases to explain each factor:

> First, most cases finding excusable neglect also have found special circumstances that justify the neglect.
>
> Second, other cases that declined to find excusable neglect, despite the presence of special or unusual circumstances, generally suggest that if the party or the attorney could have controlled or guarded against the happening of the special or unusual circumstance, the neglect is not excusable.
>
> Third, excusable neglect may exist when a party has neither knowledge nor actual notice of the lawsuit.
>
> Finally, the demands of being a busy lawyer or of being preoccupied with other litigation generally do not constitute excusable neglect.

No. 20AP-197

(Citations omitted.) *Id.* at ¶ 13-16. Applying the relevant factors to this case, it seems plain to this court that the Dents' alleged financial and geographic hardships are not "special circumstances" excusing the failure to participate in this lawsuit. They simply cannot explain the Dents' total failure to respond to the Vietas' claims or the Vietas' motion for default judgment, even if such response was required to be pro se, as "[t]he neglect of an individual to seek legal assistance after being served with court papers does not necessarily constitute 'excusable neglect,' as that term is used in Civ.R. 60(B)(1)." *Associated Estates Corp. v. Fellows*, 11 Ohio App.3d 112 (8th Dist.1983), paragraph two of the syllabus.

{¶ 13} The record does not establish, and the Dents have not claimed, that they were unaware of the Vietas' cross-claim and motion for default—in fact, Richard Dent's affidavit in support of the Dents' motion indicates that they were well aware of both. But the Dents made no effort to respond to the Vietas' claims until the date was set for the property to be sold, suggesting they believed that both those claims and the court's order granting judgment on them to be unimportant. Neither the Dents' status as laypersons, *see Manson v. Gurney*, 62 Ohio App.3d 290, 294 (9th Dist.1989), nor their lack of legal understanding, *see Katko v. Modic*, 85 Ohio App.3d 834, 837-38 (11th Dist.1993), are sufficient to justify what seems to be their "complete disregard for the judicial system." *Dispatch Printing* at ¶ 11.

{¶ 14} Had the Dents taken any action at all to respond to guard themselves from the Vietas' cross-claims, our decision could be different. But they did nothing, and they have provided no compelling justification for their failure to participate in litigation for some 18 months. Therefore, we can hardly conclude that the trial court abused its discretion by finding that they had not established excusable neglect, and their first assignment of error is accordingly overruled.

No. 20AP-197

{¶ 15} In their second assignment of error, the Dents allege the trial court erred by failing to stay enforcement of the judgment ordering sheriff's sale. They argue that the stay should have been granted, "because said decision [denying the stay] was based upon the Court's denial of the Dent's [sic] Motion for Relief from Judgment, which should have been granted." (Brief of Appellant at 15.)

{¶ 16} Civ.R. 62(A) provides:

> In its discretion and on such conditions for the security of the adverse party as are proper, the court may, upon motion made any time after judgment, stay the execution of that judgment or stay any proceedings to enforce the judgment until the time for moving for a new trial under Civ.R. 59, moving for relief from a judgment or order under Civ.R. 60, moving for judgment notwithstanding the verdict under Civ. R. 50, or filing a notice of appeal, and during the pendency of any motion under Civ.R. 50, Civ.R. 59, or Civ.R. 60.

{¶ 17} The plain terms of the rule establish that such stays are discretionary, and accordingly we will sustain the trial court's decision unless it constitutes an abuse of that discretion. *See, e.g., Northwest Equity Invs. v. Gafney*, 10th Dist. No. 94AP-1233, 1995 Ohio App. LEXIS 983, **6-7.

{¶ 18} The only justification the Dents offer to sustain this assignment of error is that the trial court erred in denying their Civ.R. 60(B) motion, and the two motions were "naturally entwined with one another." (Brief of Appellant at 15.) We have already concluded that the trial court's decision denying Civ.R. 60(B) relief was not error. But additionally, the Dents' challenge to the trial court's Civ.R. 62(A) ruling is procedurally barred. The Dents did not seek a stay of the enforcement from this court after the trial court denied their request for stay in the first instance, *see, e.g.,* App.R. 7(A), and they have not appealed the decision confirming the final sale of the subject property. Moreover, the sale was confirmed in a different final, appealable order, which was entered after this appeal

was filed and is not part of the record before us. Accordingly, even if this court were to conclude that the trial court somehow erred in granting the stay, we cannot grant the Dents any effective relief from that supposed error. The Dents' second assignment of error is rendered as moot. *Compare Huntington Natl. Bank v. Payson*, 2d Dist. No. 26396, 2015-Ohio-1976, ¶ 28 (overruling assignment of error regarding trial court's refusal to issue a stay as moot).

{¶ 19} For the foregoing reasons, appellants' two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and MENTEL, JJ., concur.